IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAMELA M. MINSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. CV 09-6224-SU

OPINION AND ORDER

MOSMAN, J.,

On November 15, 2010 Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") (#23) in the above-captioned case recommending that I reverse the Commissioner's decision and remand for the immediate calculation and award of benefits. The Commissioner filed no objection.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

OPINION AND ORDER - 1

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Upon review, I agree with Judge Sullivan's conclusion that the ALJ improperly rejected the opinions of Drs. Ross, Maloney, and Higgins-Lee. (F&R 8–12.) I also agree that the ALJ improperly found Ms. Minson not credible, and improperly rejected the testimony of lay witnesses.

Finally, I agree that further proceedings here would be unproductive, and I conclude that the decision should be reversed and remanded for the immediate calculation and award of benefits. As briefly discussed in the F&R, the Commissioner's regulations establish that Ms. Minson is currently disabled. (F&R 22.) Under 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.09, Ms. Minson is presumptively disabled because she is now over 50 years old—which is "closely approaching advanced age"—and the ALJ explicitly found that: (1) Ms. Minson is limited to light work; (2) she is illiterate; and (3) her previous past work was unskilled. Tr. 22, 27. In the ALJ's decision, the ALJ instead relied in part upon section 202.16, of the same appendix, to find that Ms. Minson was not disabled. Tr. 27. While that was technically correct at the time because Ms. Minson was approximately two months from the "closely approaching advanced age" range, section 202.09 is now plainly the appropriate guideline because Ms. Minson is well into the "closely approaching advanced age" range. Thus, I agree with the F&R that upon remand, a finding of disabled would be inevitable.

OPINION AND ORDER - 2

## CONCLUSION

Upon review, I ADOPT Judge Sullivan's F&R (#23) as my own, and I reverse and remand to the ALJ for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 13 day of January, 2011.

MICHAEL W. MOSMAN
United States District Court